**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-60747**
**Summary Calendar**

_____

**MUHAMMAD SHAKIL LATIF; SAYEEDA LATIF,**

Petitioners,

**versus**

**JOHN ASHCROFT, U. S. Attorney General,**

Respondent.

_____

**Petition for Review of an Order**
**of the Board of Immigration Appeals**
**(A72 377 128)**

_____

June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Muhammad Shakil Latif and his wife, Sayeeda Latif, petition
for review of a September 2000 order by the Board of Immigration
Appeals (BIA). That order sustained the INS' appeal of the
November 1994 decision by the Immigration Judge (IJ) that they were
entitled to asylum. The BIA found: the Latifs established that
they were persecuted in the past in Bangladesh on account of their
political opinion, and thus were entitled to a presumption that
they had a well-founded fear of being persecuted if forced to

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should _not_ be published and is _not_ precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

return to that country; but, the presumption was rebutted by evidence that, since the time the persecution occurred, conditions in Bangladesh had changed to such an extent that the Latifs no longer had a well founded fear of persecution. Therefore, the BIA denied asylum and withholding of deportation. (Petitioners were, however, granted voluntary departure in lieu of deportation.)

The Latifs contend: they were denied due process by the BIA's delay in rendering a decision and by its refusal to allow rebuttal evidence; and the BIA's decision is *not* supported by substantial evidence.

The Latifs claimed they were persecuted in Bangladesh because of their affiliation with the Awami League, and because of their opposition to the Bangladesh National Party (BNP), which then controlled the government. The BIA took administrative notice of Department of State country reports and a congressional committee report reflecting that, since the Latifs left Bangladesh: the BNP was no longer in power; the Latifs' party, the Awami League, has been in power since June 1996; and the Latifs' relative is Prime Minister of Bangladesh.

Contrary to the Latifs' contention, the BIA was entitled to take administrative notice of such changed conditions. *See* ***Rivera-Cruz v. INS***, 948 F.2d 962, 966-67 (5th Cir. 1991) (BIA did *not* abuse its "broad discretion" in taking administrative notice of change of government).

We reject the Latifs' contention that they were denied due process by the BIA's refusal to allow evidence in rebuttal of the administratively-noticed facts. "The motion to reopen provides asylum applicants ... with an opportunity to be heard regarding facts officially noticed and to present contrary evidence." *Id*. at 968. "Applicants may then appeal the [BIA]'s denial of a motion to reopen to the court of appeals." *Id*. Although the Latifs filed a motion to reopen, the record does *not* contain a ruling (the INS' brief states the motion was denied on 26 February 2001; the Latifs did *not* file a reply brief countering that statement). In any event, the Latifs' petition for review encompasses only the BIA's September 2000 decision sustaining the INS' appeal.

We also reject the Latifs' contention that the BIA's nearly six-year delay in rendering its decision denied them due process. The Latifs' due process claim is based on their contention that the INS' appeal was frivolous, because the IJ found they had shown past persecution and were entitled to asylum. But, as noted, a showing of past persecution merely creates a *rebuttable presumption* that the asylum applicant has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1); *Aguirre-Cervantes v. INS*, 242 F.3d 1169, 1179 (9th Cir. 2001). As also noted, the presumption may be rebutted by evidence of a change in conditions in the country that makes such a fear of future persecution no longer well-founded. *See* 8 C.F.R. § 208.13(b)(1)(i)(A); *Aguirre-Cervantes*, 242 F.3d at

3

1179.  Needless to say, inasmuch as the BIA sustained the INS' appeal and found that the Latifs' presumed fear of persecution was no longer well-founded because of changed conditions in Bangladesh, the INS' appeal was *not* frivolous.

For the foregoing reasons, the Latifs' petition for review is

***DENIED.***